IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PETER CAIN BRUTON #01730014 | § § § | |
| v. | § § § § | CIVIL ACTION NO. 4:15CV473 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge ("the Report") (Dkt. 13), which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Report recommends that the Court deny Bruton's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), dismiss the case with prejudice, and deny a certificate of appealability. Bruton has filed written Objections (Dkt. 14). Having made a *de novo* review of the Objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the Court.

**I.     BACKGROUND**

Bruton was indicted and subsequently convicted of aggravated sexual assault of a child and indecency with a child by sexual contact, pursuant to Texas law. Prior to trial, his lawyer made a motion in limine intended to restrict the discussion of unindicted wrongful conduct in the jury's presence. The defense motion in limine requested, *inter alia*, that the trial court:

1

> [ ]hold a hearing outside the presence of the jury and instruct the Attorney for the State not to mention or allude to the following without said hearing:
>
> I.
>
> Any extraneous offenses, crimes, wrongs or acts that the Defendant is alleged to have engaged in either as a principal or a party, including but not limited to those identified by the State in any response pursuant to Texas Rule of Evidence 404(b) or Tex. Code of Crim. Proc. Art. 37.07[.]
>
> II.
>
> Any prior convictions, if any, of the Defendant if the State intends to introduce them either at the punishment phase [or for] impeachment purposes.
>
> III.
>
> Any additional unindicted offenses involving the Defendant, if any, in this case.

Dkt. 10-1 at 121-22. As the Magistrate Judge observed in her Report:

> [T]he trial court considered the parties' arguments on the motion [in limine]. The prosecutor indicated that "there [would] be a good number of extraneous offenses involving the victim." Dkt. 10-22 at 8. He further informed the court that "[t]here's *other* victims that we have evidence of, but we would certainly approach before we mentioned that in any way, so I have no objection to a motion in limine as to *other* victims. But we do intend on getting other instances of sexual abuse with *this* victim that is not mentioned in the indictment." *Id.* (emphasis added). Defense counsel argued that the State should be required to obtain an admissibility ruling outside the jury's presence before introducing unindicted instances of sexual abuse with either the victim in the case or with any other alleged victim. *Id.* The trial court denied the defense motion in limine as to unindicted instances of sexual abuse with the victim in the case. *See id.* However, the court granted the motion as to conduct with "any other person other than the victim in this case." *Id.*

Dkt. 13 at 7-8.

The case proceeded to trial and, during the State's closing argument in the guilt phase, the following exchange occurred:

> [The prosecutor]: And it's crucial that you hold him accountable for his actions, because if you don't, you're putting other children at risk. You simply are. I know you don't want to hear that, but you are because of the way this man's mind works. If you let him get away with it, it's going to progress. He has proven that. When he got away with it before, it continued because no one stopped him. And if he's not held accountable, it's going to continue. He's going to feel bullet proof. He's going

to know no one is going to believe these kids. I can do what I want. I can continue this, and I can continue to get away with it. And this is not a habit that he can just turn on and off. The way his mind is wired is different than yours—

[Defense counsel]: Objection, Your Honor. There's no evidence to support that argument.

[The Court]: Sustained.

[Defense counsel]: Move to strike. Move to instruct the jury to disregard, Your Honor.

[The Court]: Ladies and gentlemen, you will disregard the last comment of counsel.

[Defense counsel]: And, Your Honor, I also move for a mistrial.

[The Court]: Denied.

Dkt. 10-25 at 16. In Bruton's § 2254 Petition, he complains that this portion of the State's closing argument violated the defense motion in limine. *See* Dkt. 1 at 7; 1-1 at 5. Bruton further complains that, though his defense counsel objected to the State's closing argument, moved to strike, and requested a mistrial based on lack of evidence to support the closing argument (*See* Dkt. 1 at 7; 1-1 at 5), counsel's failure to lodge an objection or request a mistrial specifically based on the purported violation of the motion in limine constituted ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052 (1984).[1] *See* Dkt. 1 at 7; 1-1 at 5-7.

Bruton asserted an identical claim in a state application for the writ of habeas corpus. *See* Dkt. 10-31 at 9-10, 43-50. During the state habeas proceedings, the trial court entered the following findings of fact and conclusions of law regarding Bruton's ineffective assistance claim:

> 1. Applicant's trial counsel was not deficient in his performance by not objecting to the complained of testimony for a violation of the motion in limine because it was an objection that would not have been granted.

---

[1] *Strickland* announced the well-settled two (2) prong standard for evaluating ineffective assistance of counsel claims. Under this standard, reversal of a conviction is warranted only if a defendant shows: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *See Strickland*, 466 U.S. at 687.

2. The objection made by Applicant's trial counsel could have presumably been trial strategy and Applicant's trial counsel was therefore not deficient.

3. This Court would not have erred if it were to have denied Applicant's motion for mistrial after granting an objection for a violation of the motion in limine if this Court instructed the jury to disregard the objectionable portion of the State's closing argument.

4. The remedy for a violation of the motion in limine lies with the trial court, and the remedy of a curative instruction would have been sufficient.

5. The portion of the closing argument at controversy was not extremely prejudicial and was not an incurable error.

6. Considering the circumstances in this case, there was not any harm that a curative instruction did not cure.

7. The jury was instructed to disregard the State's objectionable statement and there were no aggravating circumstances, therefore this case did not justify a mistrial.

8. Applicant has not shown that his counsel's performance prejudiced his defense. The result of this proceeding would not have been different if Applicant's counsel objected on the grounds that the State violated the motion in limine, as this Court would not have been required to grant a mistrial and would have given the same instruction to disregard that was actually given to the jury.

*Id.* at 143-44 (citations omitted). The Texas Court of Criminal Appeals ("CCA") adopted these findings and conclusions and denied Bruton's state habeas application without written order. *See* Dkt. 10-29.

In her Report, the Magistrate Judge expressly considered the CCA's findings and conclusions regarding defense counsel's purportedly deficient performance and resulting prejudice, concluding, "[t]he CCA's findings are not unreasonable and are, thus, entitled to deference under [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]." Dkt. 13 at 10. Bruton objects to the Magistrate Judge's deference to the CCA's findings. *See* Dkt. 14 at 2-3. Bruton also objects to the Magistrate Judge's recommendation that he be denied a certificate of appealability. *See id.* at 3.

4

## II. ANALYSIS

In his Objections, Bruton first takes issue with the Magistrate Judge's determination that "[t]he CCA was justified in concluding that defense counsel made a strategic decision not to advance a meritless objection based on the motion in limine and, accordingly, did not render deficient performance." Dkt. 13 at 9; *see also* Dkt. 14 at 2. It is evident from the Report that, in consideration of the CCA's conclusion, the Magistrate Judge closely examined the State's closing argument, including portions of the argument leading up to and following the offending language. *See* Dkt. 13 at 8-9. Ultimately, the Magistrate Judge independently determined that, "[t]he State's closing argument does not purport to introduce evidence of actual offenses against other victims; thus, it is not in violation of the ruling on the defense motion in limine." *Id.* at 9.

Bruton challenges this reasoning, accusing the Magistrate Judge of "cherry-picking the State's closing argument" in order to "minimize the State's reference to other victims." Dkt. 14 at 2. However, it is Bruton who hangs on insular words and phrases in the State's closing argument, without regard to context or the argument as a whole. In his Objections, Bruton focuses on the State's isolated use of the phrase "these kids" in closing arguments; similarly, in his Petition, he honed in on a mere five (5) lines of the State's nine (9) page closing argument. *See* Dkt. 1-1 at 5; Dkt. 14 at 2.

In contrast, the Magistrate Judge considered the State's closing argument as a whole and reasoned that, "[t]aken in isolation, the State's reference to 'these kids' during its closing argument could be argued (as Petitioner has) to run afoul of the trial court's order requiring an admissibility ruling before introduction of instances of misconduct involving other victims. However, this position unravels when viewed or taken in the context of the entire closing argument." *See* Dkt. 13 at 9. Bruton's bare accusations do not undermine this reasoning. And, on *de novo* review of the record, the Court finds no basis to reject the Magistrate Judge's findings.

Next, Bruton objects to the Magistrate Judge's determination that "fairminded jurists could not dispute the CCA's finding that the trial court would not have granted a mistrial even if counsel had objected based on the motion in limine." Dkt. 13 at 3, 10; *see also* Dkt. 14 at 2. Bruton argues this conclusion is erroneous because: (1) his trial lawyer failed to articulate any legal basis for a mistrial; and (2) the trial court lacked authority to grant a mistrial without "a reason proffered by Petitioner's trial counsel." Dkt. 14 at 2.

However, as Bruton acknowledges in his Brief in Support of Petition for a Writ of Habeas Corpus, his trial counsel did move for a mistrial during the State's closing argument and cited a legal basis for the request: that the State's argument was not supported by evidence in the record. *See* Dkt. 1-1 at 5; 10-25 at 16. Any contention to the contrary is unsupported and unsupportable by the record.

Furthermore, after ruling out less drastic alternatives, Texas courts have discretion to *sua sponte* order a mistrial on the ground of manifest necessity "when the circumstances render it impossible to arrive at a fair verdict, when it is impossible to continue with trial, or when the verdict would be automatically reversed on appeal because of trial error." *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002); *see also Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995). Trial courts may *sua sponte* order a mistrial *without* a finding of manifest necessity when, as here, the defendant consents to a mistrial. *See, e.g., Ex parte Lewis*, 219 S.W.3d 335, 353 (Tex. Crim. App. 2007). Accordingly, Bruton's argument that the trial court lacked authority to grant a mistrial solely because his counsel failed to advance a proper request lacks merit.

Finally, Bruton objects to the Magistrate Judge's conclusion that "[t]here is no likelihood that reasonable jurists could debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to

6

proceed. Accordingly, Petitioner is not entitled to a certificate of appealability as to his claims." Dkt. 13 at 10-11 (citations omitted); *see also* Dkt. 14 at 3.

As the Magistrate Judge correctly noted, a certificate of appealability may issue only if a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). "In order to make a substantial showing, a petitioner must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003) (quoting *Slack*, 529 U.S. at 484).

Bruton argues he has made a showing sufficient to warrant issuance of a certificate of appealability. Specifically, Bruton contends, "the trial court obviously felt that the State had crossed the line when it made the offending statement [during closing arguments] because the trial court sustained [Bruton's] objection." Dkt. 14 at 3. While this assertion may have merit, it is of no consequence to the only determination relevant to issuance of a certificate of appealability: whether this Court's resolution of Bruton's constitutional claims is incorrect or debatable.

Bruton further contends reasonable jurists could debate the merits of his claim that he was entitled to a mistrial based on the State's purported violation of the motion in limine. He argues:

> [T]he Court of Appeals for the [Eighth] District of Texas pointed this exact issue out in its memorandum opinion. However, the court stated that they would not address the issue because counsel did not state in his request for mistrial that the statements violated the motion in limine. Simply put, trial counsel did not preserve error.
>
> In sum, reasonable jurists—a three judge panel from the [Eighth] Court of Appeals—could debate the denial of Petitioner's § 2254 motion. Therefore, a certificate of appealability should be issued.

*Id.* Bruton seemingly avers the Eighth Court of Appeals recognized some possibility of reasonable debate regarding the merits of his claim that he was entitled to a mistrial. However, the Eighth

7

Court of Appeals expressly declined to consider this claim, finding that Bruton had "waived this argument because he failed to make it in the trial court." Dkt. 10-10 at 11. Thus, the opinion of the Eighth Court of Appeals has no bearing on this Court's resolution of Bruton's claim.

On *de novo* review of the record, the Court is of the opinion that Bruton fails to carry his burden of proof under *Strickland v. Washington*, and therefore, fails to make out a violation of a constitutional right. Accordingly, he is not entitled to relief under § 2254 or a certificate of appealability. It is therefore

**ORDERED** that Bruton's Objections (Dkt. 14) are **OVERRULED**. It is further **ORDERED** that the Petition for a Writ of Habeas Relief pursuant to 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 13th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE